**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

ILIA KORNILEV #A249-267-195              CASE NO.  2:26-CV-00228 SEC P

VERSUS                                   JUDGE JAMES D. CAIN, JR.

ALLEN PARISH SHERIFF'S OFFICE            MAGISTRATE JUDGE LEBLANC
DETENTION FACIL ET AL

## MEMORANDUM ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order" (Doc. 2) and an "Emergency Motion to Release Pending Habeas Review" (Doc. 3). In his Motions, Petitioner moves for immediate release from immigration pending resolution of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he has been detained for more than 180 days following the date his removal order became administratively final (July 21, 2025).[1]

Relying on *Zadvydas v.* Davis, 533 U.S. 678 (2001), Plaintiff argues that he should be released because he has not been provide a travel document, no flight has been scheduled, and no removal date given. Petitioner requests that the Court issue an order prohibiting Respondents from removing him from the United States and prohibiting a transfer of Petitioner outside of the Western District of Louisiana pending resolution of his Petition for Writ of Habeas Corpus. He also requests either an immediate release from ICE custody pending his habeas proceeding, or in the alternative, to release him under reasonable conditions of supervision.

---

[1] Doc. 2, p. 1.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

As to Petitioner's TRO, he has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. Although the length of his detention exceeds the six month period found presumptively reasonable in *Zadvydas*, the Supreme Court indicated that the lapse of the presumptive period does not mandate release and concluded

that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the court will await the government's response on an expedited briefing schedule to determine the foreseeability of his removal.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. *Pena Ramirez v. Noem*, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014)). The court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

For the reasons explained herein,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order is **DENIED** (Doc. 2) and the Emergency Motion to Release Pending Habeas Review (Doc. 3) is **DENIED.** The Petition (Doc. 9) is referred to the Magistrate Judge for review on an expedited briefing schedule.

**THUS DONE AND SIGNED** in chambers on this 3rd day of March, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**